## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT MUNDELL,<br><br>            Plaintiff,<br><br>    v.<br><br>DBA/DMC MINING SERVICES<br>CORP., ET AL.<br><br>            Defendants. | NO. 4:12-CV-02614-JEJ-TMB<br><br><br>ELECTRONICALLY FILED |

## BRIEF IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS, MOTION TO DISMISS CLASS ACTION ALLEGATIONS, AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

{S0479675.1}

# TABLE OF CONTENTS

SUMMARY .................................................................................................. 1

BACKGROUND ......................................................................................... 1

   I.    Procedural History........................................................................ 1

   II.   Statement of Facts ........................................................................ 2

QUESTIONS INVOLVED.......................................................................... 4

ARGUMENT................................................................................................ 4

   I.    None Of The Claims Asserted In The Complaint
        States A Cause Of Action As A Matter Of Law.......................... 5

        A.    Count I Fails To State A Claim Because The
               *Per Diem* Rate Is Reasonable As A Matter
               Of Law .............................................................................. 5

        B.    The FLSA Does Not Require Payment For
               Travel Between Home And The Workplace;
               Therefore, Count II Fails To State A Claim ...................... 9

        C.    Count III Is Derivative Of Counts I and II And,
               Therefore, Also Fails To State A Cause Of Action
               As A Matter Of Law ......................................................... 12

        D.    Count III Fails To State A Claim Under The
               WPCL................................................................................ 13

   II.   Plaintiff's Request For Rule 23 Class Certification Of His
        State Law Claims Fails To Satisfy The Requisite Elements
        And, Therefore, His Class Action Allegations Should be
        Dismissed ...................................................................................... 15

## TABLE OF AUTHORITIES

### CASES

Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009) ..................................................... 24

Berry v. Excel Group, Inc., 228 F.3d 252, 253-54 (5th Cir. 2002) ................... 12

Cargill Meat Solutions Wage and Hour Litigation........................................... 21, 22

Chiang v. Veneman, 385 F.3d 256, 265 (3d. Cir. 2004) .................................. 23

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) .................................................. 10

Divenuta v. Bilcare, Inc., No 09-3657, 2011 WL 1196703, at *9 ................... 21

Euceda v. Millwood, Inc., No. 3:CV-12-0895, 2012 WL 54999839,
At *4 (M.D. Pa. 2012) ...................................................................................... 21

Evans v. Lowe's Home Centers, Inc., 2006 WL 1371073, *7
(M.D. Pa. 2006) ............................................................................................... 23

In re: Burlington Coat Factory Securities Litig., F.3d 1410, 1426
(3d. Cir 1997)      ............................................................................................... 9

Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726, 733
(M.D. Pa. 2007) ............................................................................................... 21, 22

Life USA Holding Inc., 242 F.3d 136, 143 (3d Cir. 2001) .............................. 23

Mawson v. Lamoreaux, 2012 WL 7008941, *3 (M.D. Pa 2012)..................... 24

Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2, 97 S.Ct. 2490,
53 L.Ed.2d 557 (1977)..................................................................................... 10

Monahan v. City of Wilmington, 39 Fed. Appx. 383, 384
(3d Cir 2002)........................................................................................ 23

Newman v. Advanced Technology Innovation Corp.,
No. 12-10712-PBS, 2012 WL 6738256, at *2 (D. Mass. 2012) ..................... 12, 13, 15

Oberneder v. Link Computer Corp., 696 A.2d 148,
150 (Pa.1997)........................................................................................ 21

Picton v. Excel Group, Inc., 192 F.Supp.2d 706, 711
(E.D. Tex. 2001) .................................................................................... 12

Scott v. Bimbo Bakeries, USA, Inc., No. 10-3154, 2012
WL645905, at *4 (E.D. Pa. 2012) ......................................................... 21, 22

Scully v. U.S. WATS, Inc., 238 F.3d 497, 516-17 (3d Cir. 2001)................... 21

Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710 ,716
(Pa. Super. Ct. 2005)............................................................................... 21

## STATUTES

29 U.S.C. § 203(e) .................................................................................. 17

29 U.S.C. § 207(a)(1) (2012)..................................................................... 12

29 U.S.C. § 207(e)(2) (2012)..................................................................... 12

29 U.S.C. § 216(b) (2012) .......................................................................... 8

29 U.S.C. §254(a) ............................................................................. 17, 18, 20

34 Pa. Code § 231.1 ................................................................................ 20

34 Pa. Code § 231.43(2) ........................................................................... 20

43 P.S. § 333.104(c)................................................................................. 20

{S0479675.1}                                        iii

Fair Labor Standards Act .................................................................. 7, 17

Pennsylvania Minimum Wage Act ................................................... 8, 19

Pennsylvania Wage Payment and Collection Law ........................... 8, 21

Portal-to-Portal Act, 29 U.S.C. § 254(a) ......................................... 17

## **RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................. 15, 22, 25

Fed. R. Civ. P. 12(e) ........................................................................ 25

Fed. R. Civ. P. 12(f) ........................................................................ 25

Fed. R. Civ. P. 23(a) ........................................................................ 23

Fed. R. Civ. P. 23(a)(1)-(4) (2012) ................................................. 23

Fed. R. Civ. P. 23(b)(1)-(3) ............................................................ 24

Fed. R. Civ. P. 8(2)(a) ..................................................................... 10

Fed. R. Evid. 201 ............................................................................. 8

Rule 23 of the Federal Rules of Civil Procedure ............................ 8

## **REGULATIONS12**

29 C.F.R. § 778.217(b) .................................................................... 12

29 C.F.R. § 778.217(b)(3) & (4) (2012) .......................................... 13

29 C.F.R. § 778.217(c) .................................................................... 14

29 C.F.R. § 785.39 ................................................................................ 16

29 C.F.R. §785.35 ................................................................................ 18

29 C.F.R. §790.7(f) .............................................................................. 18

29 C.F.R. §§ 778.216 & 778.217 (2012) ............................................. 12

Federal Acquisition Regulations, § 31.205-46(a)(2)(i) (2013) ......................... 14

## OTHER AUTHORITIES

Dep't of Labor, Field Operations Handbook, § 32d05a(b) (2012)................... 12

Department of Treasury Internal Revenue Service, Per Diem
Rates (for Travel within the Continental United States), Publication 1542,
Rev. October 2011, pg. 19 http://www.irs.gov/pub/irs-pdf/p1542.pdf
(last visited Feb. 26, 2013)................................................................. 14

U.S. General Services Administration, Per Diem Rates for
Pennsylvania, http://www.gsa.gov/portal/category/100120
(last visited Feb. 26, 2013)................................................................. 14

NOW COMES the Defendant, DMC Mining Services Corp., by and through its undersigned counsel, and files the within Brief in Support of its Motion to Dismiss All Claims, Motion to Dismiss Class Action Allegations, and Alternative Motion for a More Definite Statement as follows:

## SUMMARY

The Plaintiff, Brett Mundell has sprinkled his Complaint with the teeth and claws of a Fair Labor Standards Act class action, but the Complaint is a paper tiger at best. The allegations fail to state a cause of action as a matter of law. Even if certain of the claims survived, which they do not, Mr. Mundell's allegations fail to state a basis for class action certification and, therefore, must be dismissed.

## BACKGROUND

### I.     Procedural History

Mr. Mundell, purportedly on behalf of himself and all those similarly situated, brings this action against DMC Mining Services Corp. ("DMC") and John Does 1-10. The Complaint asserts what appears to be four (4) separate causes of action as follows: Count I - violation of the Fair Labor Standards Act ("FLSA") for failure to calculate overtime correctly; Count II – violation of the FLSA for failure to compensate Mr. Mundell for the time that he spent travelling from his home to

the DMC work site; and Count III – violation of the Pennsylvania Wage Payment and Collection Law ("WPCL") based upon the allegations in Counts I and II. In an unnumbered count, falling between the FLSA and WPCL counts, Mr. Mundell asserts a claim under the Pennsylvania Minimum Wage Act ("PMWA"), also on the basis of the allegations in Counts I and II. For purposes of this Brief, DMC shall label the PMWA claim as Count III and re-label the WPCL claim as Count IV. Mr. Mundell also requests class certification for the FLSA claims pursuant to 29 U.S.C. § 216(b) (2012) and class certification for the state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## II.   Statement of Facts

Mr. Mundell alleges that he worked as a laborer for DMC from June 12, 2012, to October 29, 2012. (Complaint at ¶ 25). To be employed by DMC, he had to travel a significant distance from his home in another state to the jobsite near State College, Pennsylvania. As a result of this distance between his home and the job site, Mr. Mundell alleges he was required to stay "overnight away from home" during the time that DMC employed him. (Compl. at ¶ 26). To compensate Mr. Mundell for the expenses of living away from his home, including his room and board costs, DMC provided *per diem* pay in addition to other wages. (*Id.*) More specifically, his pay stubs show that Mr. Mundell received a total of $975.00 in *per*

*diem* expenses for 13 working days during the two-week pay period beginning July 22, 2012 that Mr. Mundell uses in the Complaint to illustrate his claims. The *per diem* rate was therefore $75/working day during the time at issue.[1]

From this basic set of facts, Mr. Mundell bases his entire claims around two foundational legal contentions: First, he contends that this *per diem* pay was not actually reimbursement for the expenses that he incurred away from home, but an unlawful policy implemented to dilute overtime rates of pay. (*Id.* at ¶¶ 32-33); second, Mr. Mundell also asserts that DMC failed to pay wages for the time he spent travelling from his home to the jobsite, where he began his employment with DMC. (*Id.* at ¶¶ 37-43, 51-55). As a matter of law, neither of these contentions states a cognizable claim. Lacking a foundation, the Complaint fails on its face.

---

[1]    As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1426 (3d. Cir. 1997) (citations and internal quotations omitted) (emphasis in original). Here, Mr. Mundell explicitly discusses the two-week pay period beginning July 22, 2012. (Compl. at ¶ 35). Accordingly, this Honorable Court may consider this paystub without turning this into a motion for summary judgment.

## QUESTIONS INVOLVED

I.    Where all claims asserted in the Complaint depend for their viability upon two erroneous statements of the law, has the Plaintiff stated any cognizable cause of action? *Suggested answer: No.*

II.   Because the Plaintiff has failed to plead necessary allegations to support a claim for class action certification, should the Complaint's class action allegations be dismissed? *Suggested answer: Yes.*

## ARGUMENT

As this court is aware, while it must accept well-pleaded allegations as true in considering a motion to dismiss, it does not have to accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977).   Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See* FED. R. CIV. P. 8(2)(a); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   Here, Mr. Mundell's Complaint offers only sweeping legal conclusions that are simply misstatements and misapplications of well-settled law.   Mr. Mundell has not bothered to set forth the elements of his claims and cannot do so under the undisputed facts of this case.

I.   **None Of The Claims Asserted In The Complaint States A Cause Of Action As A Matter Of Law.**

    A.   **Count I Fails To State A Claim Because The *Per Diem* Rate Is Reasonable As A Matter Of Law.**

The FLSA requires an employer to pay its employees overtime payments at a rate of one and one-half times the employee's "regular rate" of pay for each hour worked over forty hours per week.   29 U.S.C. § 207(a)(1) (2012).   The FLSA defines "regular rate" as including all remuneration for employment paid to an employee, *except* reasonable payments made to reimburse the employee for certain work-related expenses.   29 U.S.C. § 207(e)(2) (2012).   Included within this exception is reasonable "*per diem* pay" for travel and living expenses.   29 C.F.R. §§ 778.216 & 778.217 (2012); *Newman v. Advanced Technology Innovation Corp.*, No. 12-10712-PBS, 2012 WL 6738256, at *2 (D. Mass. 2012); *Berry v. Excel Group, Inc.*, 228 F.3d 252, 253-54 (5th Cir. 2002).

Specifically, the Wage and Hour Division of the Department of Labor (the "DOL") established regulations that "afford a non-exhaustive list of illustrations in which *per diem* payments 'will not be regarded as part of the employee's regular rate . . .,' " *Picton v. Excel Group, Inc.*, 192 F.Supp.2d 706, 711 (E.D. Tex. 2001) (*quoting* 29 C.F.R. § 778.217(b)), including all "reasonably approximate amounts" expended by an employee for travel expenses and living expenses away from

home. 29 C.F.R. § 778.217(b)(3) & (4) (2012). As explained in the DOL's *Field Operations Handbook*:

> [s]ituations may be encountered where the employer makes *per diem* or other subsistence payments, or pays an allowance to offset the additional expenses incurred by an employee because he is required to work at a distant or isolated location and must live away from home. *Such payments may be excluded from the regular rate of pay to the extent that they do not exceed a reasonable approximation of actual additional expenses involved in such situations.* . . .

*Dep't of Labor, Field Operations Handbook*, § 32d05a(b) (2012) (emphasis added); *Newman*, 2012 WL at *2 (citing several circuit court decisions for the proposition that the handbook supplies persuasive guidance).

Mr. Mundell bases his claims under Count I upon the erroneous legal contention that the *per diem* pay should have been included from his regular rate of pay, and that by excluding the *per diem* pay, DMC violated the overtime payment requirements of the FLSA. (*Id.* at ¶¶ 33-34, 44-50). In support of that legally incorrect allegation, Mr. Mundell offers another sweeping and unsupported legal conclusion, *viz.*, that his *per diem* pay was not based on a reasonable approximation of the costs he incurred for traveling away from home and bears no reasonable relationship to actual room and board costs. (Compl. at ¶¶ 26-28).

The regulations governing *per diem* pay specifically provide that so long as the *per diem* is a reasonable approximation of an employee's actual expenses it is

not included in the regular rate of pay for purposes of overtime calculations. 29 C.F.R. § 778.217(c). As a matter of law, Mr. Mundell's *per diem* pay was reasonable because it was in accordance with the *per diem* rates set forth by the United States General Services Administration ("GSA") and the Internal Revenue Service ("IRS").

Pursuant to the Federal Acquisition Regulations, costs for lodging and travel expenses shall be considered *reasonable* so long as they do not exceed, on a daily basis, the maximum *per diem* rates prescribed by the GSA. *Federal Acquisition Regulations*, § 31.205-46(a)(2)(i) (2013). Here, the GSA established that the maximum *per diem* rate for Centre County, Pennsylvania, the location of the DMC jobsite, was $86.00 a day in 2011 and $88.00 a day in 2012. U.S. General Services Administration, *Per Diem Rates for Pennsylvania*, http://www.gsa.gov/portal/category/100120 (last visited Feb. 26, 2013). Likewise, the IRS-mandated maximum *per diem* rate that could be excluded from taxation as wages for Centre County, Pennsylvania, from 2011 to 2012 was $142.00 a day.[2] Department of Treasury Internal Revenue Service, *Per Diem Rates (for Travel within the Continental United States)*, Publication 1542, Rev. October 2011, pg. 19

---

[2] Pursuant to FED. R. EVID. 201, DMC requests that this Honorable Court take judicial notice of the reasonable *per diem* pay amounts as set forth by the GSA and the IRS.

http://www.irs.gov/pub/irs-pdf/p1542.pdf (last visited Feb. 26, 2013).

As noted above, it is undisputed that Mr. Mundell's *per diem* pay was $75.00 a day ($975.00 every two weeks/13 working days), which is well below the maximum *per diem* rates that the GSA and IRS considered reasonable at that time. *Compare Id. With* Compl. at ¶ 35). Moreover, despite Mr. Mundell's statement to the contrary, the *per diem* pay was specifically excluded from the taxation of his normal wages. (*Compare* Compl. at ¶ 31 *with* Exhibit A to Motion to Dismiss).

Fatal to Count I of the Complaint, a $75.00 a day *per diem* is well below what is considered a reasonable reimbursement by the GSA and completely excludable from normal wages by the IRS. Therefore, there is no set of circumstances where Mr. Mundell could ever establish that the *per diem* pay was not a reasonable approximation of actual expenses. *See e.g. Newman*, 2012 WL at *3-4 (granting Defendant's motion for summary judgment were, *inter alia*, the *per diem* rate was consistent with the IRS-mandated maximum *per diem* rate). As the *per diem* pay was reasonable as a matter of law, DMC properly excluded it from the overtime calculation. Thus, Mr. Mundell fails to allege a cause of action and Count I should be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6).[3]

---

[3]    Even if the *per diem* pay were not a reasonable approximation of costs actually incurred, which it is, the entire amount of *per diem* pay is not factored into

{S0479675.1}                                              8

**B.      The FLSA Does Not Require Payment For Travel Between Home
And the Workplace; Therefore, Count II Fails To State A Claim.**

Mr. Mundell bases Count II, his second claim under the FLSA, upon the
erroneous legal contention that DMC was required to pay him for the time that he
travelled from his home to the worksite. Whether by accident or design, Count II
of the Complaint is not a model of clarity, particularly around the meaning of the
term "home." Mr. Mundell appears to be alleging that he lives in West Virginia
and accepted a job near State College, Pennsylvania. He also appears to allege that
he established a temporary home in the State College area during the time he
worked for DMC. (*See* Compl. at ¶ 26). Because he was required to travel from
his West Virginia home to accept employment in State College, Mr. Mundell has
pled the unsupported legal conclusion that the FLSA requires DMC to compensate
him for the time he was travelling to the worksite. The FLSA requires nothing of
the sort.

As an initial matter, on the face of the Complaint Mr. Mundell's reliance
upon 29 C.F.R. § 785.39 is misplaced. Section 785.39 only applies when an
employer requires an employee to travel away from home overnight. *See Id.* Mr.

---

the regular rate as Mr. Mundell contends. (Compl. at ¶ 35). Instead, only that
portion which exceeds the reasonable costs incurred is properly included. *See* 29
C.F.R. § 778.217(c); *Field Operations Handbook*, § 32d05a(b).

Mundell has not alleged that he was already an employee of DMC when he travelled from West Virginia to State College to begin work as a laborer. Neither has Mr. Mundell alleged that while he was an employee of DMC, the company required him to travel from his temporary home near State College to some distant place and spend the night away from State College for work purposes.[4]   Thus, Section 785.39 is, by its terms, inapplicable. *See generally* 29 U.S.C. § 203(e) (to be an "employee" who is covered under the FLSA person must be "employed by an employer").

Mr. Mundell also cannot contend that because his permanent home is in West Virginia, he is entitled to compensation for his commute between his temporary home in the State College area to the worksite. The Portal-to-Portal Act, 29 U.S.C. § 254(a), amends the FLSA and speaks directly to the issue of compensation for travel time between home and work. The Portal-to-Portal Act provides:

> no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended, on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee

---

[4] Although irrelevant for purposes of the pending motion, DMC did not hire Mr. Mundell until *after* he reported for work in State College. Furthermore, DMC never asked him to travel and be away from the State College area overnight.

{S0479675.1}                                      10

(1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

(2) activities which are preliminary to or postliminary to said principal activity or activities,

which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). Employers are therefore not required to compensate employees for time spent commuting between home and their workplace, or for any activities that are "preliminary to or postliminary to" their principal activities at work. *Id.*; *see also* 29 C.F.R. § 790.7(f) (explaining that "[e]xamples of walking, riding, or traveling which would normally be considered [noncompensable] 'preliminary' or 'postliminary' activities" include "riding on buses between a town and an outlying mine or factory where the employee is employed," and "riding on buses or trains from a logging camp to a particular site at which the logging operations are actually being conducted"). *See generally* 29 C.F.R. § 785.35 (travel from home to either a fixed location or to different job sites is a normal incident of employment and not compensable time).

Thus, there is no legal basis for Mr. Mundell to assert that he is entitled to payment for his travel time to the job site simply because he is away from his permanent home in West Virginia.  Once he arrived at State College and became a DMC employee, Mr. Mundell, by his own admission, was staying overnight in the State College area and simply commuted from his temporary home in State College to the near-by worksite.  Such commuting time is not compensable.  *See Id.*

C.   **Count III Is Derivative Of Counts I and II And, Therefore, Also Fails To State A Cause Of Action As A Matter Of Law.**

In what appears to be an unnumbered Count of the Complaint, which DMC has labeled as Count III, Mr. Mundell attempts to allege a claim under the Pennsylvania Minimum Wage Act.  As a basis for his PMWA claim, Mr. Mundell relies upon the allegations set forth in Counts I and II of the Complaint.  Because, as noted above, Counts I and II fail to state a cause of action, Mr. Mundell lacks a factual or legal basis for any claims under the PMWA.  The unnumbered count under the PMWA, labeled as Count III for purposes of DMC's Motion to Dismiss, therefore fails to state a cause of action.

More specifically, for the types of claims Mr. Mundell asserts in this action, the PMWA imposes no different or additional duties upon DMC from those that

the FLSA already creates.   The PMWA calculates overtime based upon the employee's "regular rate."   43 P.S. § 333.104(c).  Mirroring the FLSA, "regular rate" does not include "reasonable payments for traveling expenses or other expenses incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer, and other similar payments to an employee which are not made as compensation for the employee's hours of employment."  34 PA. CODE § 231.43(2).  Similarly, the PMWA and the FLSA are consistent in treating travel between home and the work site as time that is not compensable.  *Compare* 34 PA. CODE § 231.1 (definition of "hours worked") *with* 29 U.S.C. § 254(a);[5]  Thus, if Mr. Mundell has no viable claim under the FLSA, he also has no claim under the PMWA.

---

[5]     Significantly, with respect to "hours worked" the focus is upon the "time during which an employee is . . . required to be on the premises of the employer, to be on duty or to be at the prescribed workplace."  Travel is compensable only if it is "part of the duties of the employee during normal working hours." *Id.*  Mr. Mundell has not alleged that travelling from his home in West Virginia to State College to commence his employment with DMC is part of his duties as a laborer in a mine.  Nor can he truthfully do so.  Furthermore, and for the reasons discussed above in connection with Count II, travel from home to the worksite is also not "normal work hours" just because the travel occurs Monday-Friday between 9 am and 5 pm.  He must have work-related "duties", *i.e.*, DMC must have required him to perform work during the commute.  Mr. Mundell has neither alleged that he performed work for DMC nor could he honestly do so.

{S0479675.1}                                          13

### D.     Count III Fails To State A Claim Under the WPCL.

"The Wage Payment and Collection Law [the "WPCL"] provides employees

a statutory remedy to recover wages and other benefits that are *contractually* due to

them." *In re Cargill Meat Solutions Wage and Hour Litigation*, 632 F.Supp.2d

368, 397 (M.D. Pa. 2008) (emphasis in original) (*citing e.g. Oberneder v. Link

Computer Corp.*, 696 A.2d 148, 150 (Pa.1997)); *Euceda v. Millwood, Inc.*, No.

3:CV-12-0895, 2012 WL 5499839, at *4 (M.D. Pa. 2012) (same).   Accordingly,

"[a] prerequisite for relief under the WPCL is a contract between employee and

employer that sets forth their agreement on wages to be paid . . . .  Relief under the

WPCL is implausible without the existence of a contract."    *Scott v. Bimbo

Bakeries, USA, Inc.*, No. 10-3154, 2012 WL 645905, at *4 (E.D. Pa. 2012) (*citing

Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007)).  "It is well

established that 'the WPCL does not create a new right to compensation, but

rather, merely establishes a right to enforce payment of wages and compensation

that the employer has legally obligated itself to pay.' " *Divenuta v. Bilcare, Inc.*,

No. 09-3657, 2011 WL 1196703, at *9 (*quoting Scully v. U.S. WATS, Inc.*, 238

F.3d 497, 516-17 (3d Cir. 2001)); *see also Scott*, 2012 WL at *4; *Lehman*, 532

F.Supp.2d at 733 (same).   Thus, to sustain a WPCL claim, a plaintiff "must

demonstrate that he was contractually entitled to compensation and that he was not

{S0479675.1}                                            14

paid." *Divenuta*, 2011 WL at *9 (*citing Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710 ,716 (Pa. Super. Ct. 2005)).

Nowhere in the Complaint does Mr. Mundell allege the existence of a contract, oral or otherwise. Instead, Mr. Mundell merely asserts that "Defendants failed to pay Mr. Mundell[] and Class Plaintiffs all wages due by virtue of not paying Mr. Mundell[] and Class Plaintiffs the full overtime premiums and wages *as required by state and federal law*." (Compl. at ¶ 65) (emphasis added). Courts interpreting Pennsylvania law within the Third Judicial Circuit have consistently held that the "WPCL does not provide relief for wages due under state or federal law." *Lehman*, 532 F.Supp.2d at 734. *See also Scott*, 2012 WL at *5 (finding no basis for recovery under WPCL where plaintiff's claim for relief was based on federal and state statutory provisions and not a contract); *In re Cargill*, 632 F.Supp.2d at 397-98 (granting Defendant's motion for summary judgment where plaintiff's WPCL claim was based on the Pennsylvania Minimum Wage Act and not a contract). Accordingly, Plaintiff has failed to properly plead an element necessary to maintain a WPCL action and thus has failed to state a claim upon which relief can be granted. For this reason, Count III (actually Count IV) of the Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). *See Lehman*, 532 F.Supp.2d at 733-34 (granting motion to dismiss WPCL claim where plaintiff

failed to plead existence of a contract); *Scott*, 2012 WL at \*5 (same); *In re Cargill*, 632 F.Supp.2d at 397-98 (dismissing WPCL claim on summary judgment where plaintiff failed to plead existence of contract).

## II. Plaintiff's Request For Rule 23 Class Certification Of His State Law Claims Fails To Satisfy The Requisite Elements And, Therefore, His Class Action Allegations Should Be Dismissed.

In order to obtain class certification, a class representative must meet the four prerequisites of FED. R. CIV. P. 23(a)—*i.e.*, numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a)(1)-(4) (2012); *Evans v. Lowe's Home Centers, Inc.*, 2006 WL 1371073, \*7 (M.D. Pa. 2006) (*quoting In re Chiang*, 385 F.3d 256, 265 (3d. Cir. 2004)). In addition, a plaintiff must fit the class into one of the categories or types of actions set forth in Rule 23(b). *Monahan v. City of Wilmington*, 39 Fed. Appx. 383, 384 (3d Cir. 2002) (*citing In re LifeUSA Holding Inc.*, 242 F.3d 136, 143 (3d Cir. 2001)). Rule 23(b) provides that a class action may be maintained if Rule 23(a) is satisfied *and* if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

    (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the

other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

**(2)** the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

**(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . . .

FED. R. CIV. P. 23(b)(1)-(3).

Here, Mr. Mundell asserts generally that he has satisfied the prerequisites of Rule 23(a) for his state law claims, and thus is permitted to bring an action on behalf of himself and those similarly situated. (Compl. at ¶¶ 16-23). The Complaint, however, fails to assert commonality or adequacy of representation. In addition, Mr. Mundell has failed to allege *any* facts to satisfy the requirements of Rule 23(b). Indeed, the Complaint does not even specify the type of class action Plaintiff is attempting to maintain under Rule 23(b). Consequently, Mr. Mundell has failed to plead the elements necessary to maintain a class action and thus has failed to state a claim upon which relief can be granted. *See Mawson v. Lamoreaux*, 2012 WL 7008941, *3 (M.D. Pa. 2012) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009)) (the first step in considering the legal sufficiency of a

{S0479675.1}                    17

complaint is "tak[ing] note of the elements a party must plead to state a claim"). Accordingly, Mr. Mundell's request for class certification is properly stricken pursuant to FED. R. CIV. P. 12(f) or dismissed pursuant to FED. R. CIV. P. 12(b)(6).

In the alternative, Plaintiff's failure to specify the type of Rule 23(b) class action he is maintaining has prevented DMC from reasonably preparing a response. Accordingly, it is proper for this Court to require Mr. Mundell to re-plead his claims in order to provide a more definitive statement of the type of Rule 23(b) class action he is asserting. *See* FED. R. CIV. P. 12(e).

Dated:  March 14, 2013

Respectfully submitted,

*s/James R. Hankle*

James R. Hankle, Esquire
PA I.D. No. 36019
Email:jrh@sgkpc.com
Sherrard, German & Kelly, P.C.
Two PNC Plaza, 28th Floor
Pittsburgh, PA 15222
(412) 355-0200

Of Counsel:

Suzanne L. DeWalt, Esquire
PA I D. No 42072
Email:sld@sgkpc.com

Edward B. Gentilcore, Esquire
PA I.D. No. 50422
Email:ebg@sgkpc.com

18

Sherrard, German & Kelly, P.C.
Two PNC Plaza, 28th Floor
Pittsburgh, PA 15222
(412) 355-0200

*Attorneys for Defendant, DMC*
*Mining Services Corporation*

## CERTIFICATE OF COMPLIANCE

Under penalty of Rule 11 of the Federal Rules of Civil Procedure, the undersigned counsel certifies that this brief complies with the type-volume limitations of Local Rule 7.8 of the United States District Court for the Middle District of Pennsylvania.   Exclusive of the Table of Contents and Table of Authorities, the brief contains 4054 words.   This brief was prepared in Microsoft Word 2007, using Times New Roman 14 pt. font.

/s/ *James R. Hankle*
James R. Hankle

{S0479675.1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Motion for Extension of Time to File a Response has been served upon opposing counsel as indicated below on this 14th day of March, 2013 upon the following via Electronic Mail and U.S. Mail, First Class:

Justin L. Swidler, Esquire
Swartz Swidler LLC
1878 Marlton Pike East
Suite 10
Cherry Hill, NJ  08003


*s/James R. Hankle*
James R. Hankle, Esquire