**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRETT MUNDELL, | : | CIVIL ACTION NO. **4:12-CV-2614** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DBA/DMC MINING SERVICES | : | |
| CORP., *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    PROCEDURAL BACKGROUND.

On December 28, 2012, Plaintiff Brett Mundell, residing at 207 Buffalo Avenue, Fairmont, West Virginia, filed, through counsel, the instant Complaint pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as the Pennsylvania Wage Payment Collection Law, and the Pennsylvania Minimum Wage Act (collectively referred to as "PA Wage Laws").  (Doc. 1)   This Court's jurisdiction over Plaintiff 's federal claim is based on 28 U.S.C. §1331. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Plaintiff indicates in his Complaint that he is also seeking to file this action on behalf of all individuals similarly situated to him.  Named as the Defendants are DBA/DMC Mining Services, Corporation ("DMC"), headquartered in Murray Utah,  and John Does 1-10.  Plaintiff specifies that Defendants John Does 1-10 "are presently unknown persons who had control over processing payroll for [him] and [putative class action] Plaintiffs."   (Doc. 1, p. 2).   Plaintiff also states that Defendant John Does 1-10

consist of "unknown persons who had wrote, implemented, and executed the payroll policies which are the heart of the instant dispute." (Id. at p. 3). Specifically, Plaintiff states that he filed this action for violations of the FLSA, "as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons ["Collective Action Plaintiffs"] presently and formerly employed as non-exempt hourly employees of Defendants who, during at least one week over the last three years, (1) received overtime compensation and per-diem pay ... and/or (2) were required to travel substantial distances for the primary benefit of the employer and were not paid for travel time." (Id.). Plaintiff further alleges that both he and the so-called "Collective Action Plaintiffs" were employed by Defendant DMC within the past three years and were required to work more than 40 hours per week, but Defendant failed to pay them proper overtime wages in violation of the FLSA. As such, Plaintiff states that he should be allowed to bring his action "as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the 'opt-in' provisions of the FLSA, 29 U.S.C. §216(b)." (Id., pp. 3-4). Plaintiff indicates that he does not know the names of the Collective Action Plaintiffs and he avers that they can be ascertained through Defendant DMC's records.

Defendant DMC was served with Plaintiff's Complaint. (Doc. 3). On January 29, 2013, Defendant DMC filed a Motion for Extension of Time to File a Response to Plaintiffs' Complaint. (Doc. 5) We granted Defendant DMC's motion on January 30, 2013, and gave Defendant DMC until March 1, 2013, to respond to Plaintiff's Complaint. (Doc. 6). On March 1, 2013, Defendant DMC filed a Motion to Dismiss All Claims of Plaintiff's

2

Complaint, Motion to Dismiss Class Action Allegations, and Alternative Motion for a More Definite Statement, **Doc. 7,** with an attached 2-page Exhibit, Doc. 7-1, the details of the checks DMC issued to Plaintiff. Defendant DMC filed its Brief in Support of its Motion on March 14, 2013. (Doc. 8). On April 1, 2013, Plaintiff filed his Brief in Opposition to the Defendant's Motion with attached unpublished opinions. (Doc. 9). Defendant DMC filed its Reply Brief on April 15, 2013. (Doc. 9).

As such, the Defendant DMC's **Doc. 7** Motion is now ripe for review.

## II.    ALLEGATIONS OF COMPLAINT.

In his Complaint, Plaintiff basically raises four claims, Counts I-IV, all resulting from his time working for Defendant DMC. Counts I and II assert claims for failure to pay overtime compensation with respect to hours Plaintiff worked in excess of 40 hours per week and with respect to Plaintiff's travel time from his home to Defendant DMC's work site as required by the FLSA. Count III asserts a claim for failure to pay overtime compensation under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.104(c).[1] Count IV (mislabeled as Count III) asserts a claim for failure to pay wages under the Pennsylvania Wage Payment Collection Law ("WPCL"). As stated, Plaintiff seeks class certification with respect to his FLSA claims under 29 U.S.C. §216(b), and class certification with respect to his state law claims under Fed.R.Civ.P. 23.

---

[1]As Defendant DMC recognizes (Doc. 8, p. 8), Plaintiff mistakenly failed to label his state law claim in Count III of his Document 1 Complaint as a separate Count. (Doc. 1, p. 10, ¶'s 56-63).

Plaintiff states that he is a citizen of West Virginia who, from June 12, 2012 through October 29, 2012, worked for Defendant DMC as a laborer.  (Doc. 1, p. 5). Plaintiff avers that venue is proper in this Court since all of the alleged acts giving rise to his claims occurred in the Middle District of Pennsylvania.[2]  (Doc. 1, p. 2). For some period during that time, Plaintiff worked at a job site located in Pennsylvania, which required him to be away from his home in West Virginia for an extended period.  (Id.).  Plaintiff states that during this time, in accord with Defendant DMC's company policy, he received a daily per diem fixed wage, which was paid to employees who had traveled significant distances, and as a result, had to stay overnight away from home.  (Id.).  As the basis of his claim, Plaintiff states, "[b]ecause the 'per diem' bears no reasonable relationship to the actual expenses incurred, it is actually wages and not expense reimbursements.  Thus, Defendants were required to, but failed to, include the Per Diem Pay in the gross wages for the determining the regular rate of Plaintiffs.  Failing to include the per diem in the regular rate calculation resulted in a diluted overtime rate of pay."  (Id. at p. 6).  Since overtime wage rate is dependent upon standard wage rate, Plaintiff is asserting that his per diem should have actually been counted as regular wage, and, as such, should have figured into his overtime wage rate.  Plaintiff alleges that this  miscalculation amounts to a violation of the Fair Labor Standards Act, namely, 29 U.S.C.  §216(b).  Based on the alleged miscalculation, Plaintiff also asserts  state law claims

---

[2]It appears from Defendant DMC's Exhibit attached to its Motion to Dismiss, Doc. 7-1, Plaintiff was employed at Graymont, Pleasant Gap, Centre County, PA, near State College, PA.  In fact, Defendant DMC indicates in its Doc. 8 brief that its job site relevant in this case was in Centre Counyt, PA.  (Doc. 8, p. 13).

for violation of the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment Collection Law.

Additionally, Plaintiff alleges that he was required to travel substantial distances away from his home overnight, and during regular work hours, yet was not paid any wages for such travel time. Further, he states, "Named Plaintiff and Plaintiffs typically worked overtime during the workweeks they traveled, and accordingly, Defendants' failure in compensatined (sic) Named Plaintiff and Plaintiffs for this time constitutes a failure to pay overtime compensation, as required by state and federal law." (Id. at p. 10).

Plaintiff further requests that his Complaint be certified as a class action suit, pursuant to Federal Rule of Civil Procedure 23. Plaintiff alleges that his injuries are common to a class of Defendant DMC employees who were employed in Pennsylvania, worked more than 40 hours per week, and were not paid for overtime properly because of the Defendants' failure to calculate per diem and travel time into their wages. (Id. at p. 5). He requests the Court grant class certification, and allow his action to proceed as such, meaning that the Defendants be required to furnish a list of all employees who may fall into the putative class, and give notice to those putative class members.

As relief, Plaintiff seeks this Court to certify his action as a collective action under the FLSA, §216(b) and as a class action under Fed.R.Civ.P. 23. Plaintiff also requests declaratory judgments declaring that all Plaintiffs injured are entitled to the proper overtime compensation for all hours worked over 40 hours per week and, that all Defendants violated the FLSA and the above named state statues, PMWA and PWPCL. Plaintiff further requests

that all Plaintiffs be awarded overtime wages consistent with federal and state law, and that

they receive liquidated damages under the FLSA as well as the PMWA and the PWPCL.

Plaintiff also seeks reasonable attorneys' fees and court costs. (Doc. 1, pp. 11-12).

Defendant DMC's Motion to Dismiss was filed under Fed.R.Civ.P. 12(b)(6), 12(e) and

12(f) as well as 8(2)(a) and 23. Defendant DMC essentially maintains that Plaintiffs'

allegations fail to state any cognizable cause of action, and that they fail to state a basis for

class action certification.

## III.    MOTION TO DISMISS STANDARD.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court  stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United
> States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,*
> 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct.
> 1937 (2009). "[T]o survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as true to 'state a claim
> that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing
> *Twombly,* 550 U.S. at 570). The Court emphasized that "only a
> complaint that states a plausible claim for relief survives a motion to
> dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining
> whether a complaint states a plausible claim for relief will ... be a
> context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense." *Id.* (citation omitted).
> *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The
> Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail
> and provided a road map for district courts presented with a
> motion to dismiss for failure to state a claim in a case filed just a
> week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203
> (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual
> and legal elements of a claim should be separated. The District

Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

Also, the *Reisinger* Court stated:

Where  the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). **Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."** ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff

has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

*Id.*(emphasis added).

## IV.   DISCUSSION.

Initially, we agree with Defendant DMC that its Exhibit attached to its Motion to Dismiss, Doc. 7-1, Plaintiff's pay stub for the 2-week period commencing July 22, 2012, can be considered since Plaintiff's claims in his Complaint pertain to this pay period.  *See Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d at 1196.

1.    *Defendants John Does 1-10*

As mentioned, Plaintiff filed his Complaint on December 28, 2012.  To date, Plaintiff has failed to identify his Defendants John Does 1-10 and these unnamed Defendants have not yet been served with Plaintiff's Complaint.  Nor does it appear that Plaintiff has conducted any discovery to ascertain the names of his ten Doe Defendants as required.

Further, we do not find that Plaintiff specifically refers to Defendants Does 1 through 10 in his Complaint.  Also, we do not find that Plaintiff states the direct personal involvement of these unnamed Defendants with respect to any of his claims under the FLSA and under state law.  In any event, it is now almost eight (8) months since Plaintiff filed his Complaint and no service has been made on Defendants John Does 1-10.

In *Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009), the Third

Circuit Court stated:

> Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. *See Klingler v. Yamaha Motor Corp., U.S.A.,* 738 F.Supp. 898, 910 (E.D.Pa.1990). If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed. *See Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 37 (E.D.Pa.1990) ("Fictitious parties must eventually be dismissed ... if discovery yields no identities.").

Plaintiff Blakeslee had 10 months to conduct discovery to identify her John Doe Defendants. Plaintiff was not able to identify her Doe Defendants. The District Court for the Middle District of PA dismissed the Doe Defendants under Rule 21. The Third Circuit held that District Court did not abuse its discretion in dismissing the Doe Defendants under Rule 21.

We find that Defendants Does 1 through 10 should be dismissed from the instant action under Rules 21 as well as 4(m) and 12(b)(5) due to Plaintiff's failure to identify these unnamed Defendants and serve them with his Complaint. These Defendants have not been personally served and there is no indication that any of these unnamed individuals are aware of the claims that Plaintiff has raised against them. The 120-day period permitted by Rule 4(m) has expired in this action with respect to Defendants Does 1 through 10, and Plaintiff has failed to properly serve them.

The Court in *Mathies v. Silver*, 450 Fed.Appx. 219, 221-22 (3d Cir. 2011) stated:

> A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. *See* Fed.R.Civ.P. 4(m). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine whether the plaintiff has shown good cause for the failure.

> *See Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997). If so, the
> District Court must grant an extension to effect service; if not, the
> District Court may either dismiss the complaint or grant a discretionary
> extension. *See id.*

It is now about eight (8) months since Plaintiff filed this case. We find that Plaintiff has failed to show good cause for his continued failure to effect service upon Defendants Does 1 through 10. We also find that Plaintiff has needlessly caused the delay of this case proceeding forward and that Defendants Does 1 through 10 have been prejudiced by the lack of service upon them. *See Barndt v. PA Dept. of Corrections*, 2011 WL 4830184, *2 (M.D. Pa. 8-29-11) adopted by 2011 WL 4830167 (M.D. Pa. 10-12-11). Indeed, the witnesses and the recollections of these Defendants will undoubtedly have faded due to Plaintiff's failure to serve them in a timely manner. Also, Plaintiff has not moved for an enlargement of time to serve Defendants Does 1 through 10. Nor does it appear from the docket that Plaintiff has attempted to conduct discovery to find out the identities of Defendants Does 1 through 10. Further, Plaintiff is proceeding with counsel and he has served his Complaint on Defendant DMC in this case. Plaintiff should have been well aware that Defendants Does 1 through 10 were not properly served, and yet he has done nothing to effectuate proper service upon these Doe Defendants.

It has been well over 120 days since Plaintiff filed his Complaint. (Doc. 1). As stated, Plaintiff was afforded ample opportunity to identify and properly serve his Defendants Does 1 through 10. We find that Plaintiff has failed to show good cause why he has not properly served these ten Defendants and that they should be dismissed under Rule 4(m). This case cannot go forward as to Defendants Does 1 through 10 due to Plaintiff's failure to serve

these Defendants.  As the Court stated in *Barndt v. PA Dept. of Corrections*, 2011 WL

4830184, *2, "such dismissal orders are frequently issued when a court is confronted by a

litigant who persistently refuses to timely file and serve pleadings."(citing, in part, *Tillio v.*

*Mendelsohn*, 265 Fed. Appx. 509 (3d Cir. 2007).)(other citations omitted).   Additionally,

"where there is an unjustified and unexcused failure to timely serve a Complaint the court

'must dismiss the action.'" *Id*.

     Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a Defendant is

not served within 120 days after the complaint is filed,  the court – on motion or on its own

after notice to the plaintiff – must dismiss the action without prejudice against that

defendant or order that service be made within a specified time.  But if the plaintiff shows

good cause for the failure, the court must extend the time for service for an appropriate

period."  Fed.R.Civ.P. 4(m).  *See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D.

Pa.).   Good cause can be shown by reasonableness of Plaintiff's effort to serve Defendants,

the prejudice Defendant suffers by the lack of timely service,  whether Plaintiff filed a

motion for an extension of time to effectuate service, and whether the statute of limitations

will bar the Plaintiff 's claims if the case is dismissed.  *See Mathies v. Silver*, 450 Fed.Appx. at

222(citation omitted).  Good cause is equated to "excusable neglect ..., which requires a

demonstration of good faith on the part of the party seeking an enlargement and some

reasonable basis for noncompliance within the time specified in the rules."  *Id*.(citation

omitted).

     As discussed, we  find, based upon the above factors, that Plaintiff has not shown

good cause for his failure to identify and serve his Defendants Does 1 through 10.  It has been about eight (8)  months  since Plaintiff filed his Complaint, and these ten Doe Defendants have been prejudiced by Plaintiff's delay in failing to properly serve them. Thus, we find that dismissal of Defendants Does 1 through 10 is appropriate.  *Barndt v. PA Dept. of Corrections*, 2011 WL 4830184, *3(citing *Beckerman v. Susquehanna Twp. Police*, 254 Fed. Appx. 149, 154 (3d Cir. 2007).

Since Plaintiff has not properly served his ten Doe Defendants, his case cannot proceed as against them. As stated,  we find that Plaintiff has not shown good cause for his failure to properly serve Defendants Does 1 through 10.  Thus, we shall recommend that the John Doe Defendants 1-10 be dismissed without prejudice under Rules 21 and 4(m).

2.      *Per Diem FLSA Claim, Count I*

In *Warner v. Orleans Home Builders, Inc*., 550 F.Supp.2d 583, 587-588 (E.D.Pa. 2008), the Court stated:

> In 1938, Congress enacted the Fair Labor Standards Act to govern wage and hour practices. The FLSA establishes a minimum hourly wage, 29 U.S.C. §206, and requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207. Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Defendant DMC disputes the Plaintiff's contention that the per diem payments were not reasonable approximations of the costs incurred by workers for traveling and staying away from home.  (Doc. 8, p. 12).  Defendant DMC cites to 29 C.F.R. § 778.217, the regulations of the Wage and Hour Division of the Department of Labor ("DOL"), which

states that any repayments which reasonably approximate the amount of employee expenses are to be excluded from their regular wage rates. Defendant DMC states that Plaintiff's FLSA claim in Count I, alleging that the per diem pay should have been included with his regular rate of pay and that DMC violated the FLSA overtime payment requirements by excluding the per diem pay from his regular rate of pay, is legally erroneous. Defendant DMC states that "[t]he regulations governing per diem pay specifically provide that so long as the per diem is a reasonable approximation of an employee's actual expenses it is not included in the regular rate of pay for purposes of overtime calculations. 29 C.F.R. §778.217(c)." Defendant DMC further states that, "[Plaintiff's] per diem pay was reasonable because it was in accordance with the per diem rates set forth by the [GSA] and the [IRS]." (Doc. 8, pp. 12-13). Defendant DMC relies upon its Exhibit 1 attached to its Motion to Dismiss, Doc. 7-1, and states this Exhibit shows that Plaintiff's per diem pay was $75.00 per day, or $975.00 every two weeks (13 days). As stated above, we will consider Defendant DMC's Exhibit 1 and we agree with Defendant that it demonstrates Plaintiff's per diem pay during the relevant time was $75.00 daily.

Further, Defendant DMC points to the Federal Acquisition Regulations, § 31.205-46(a)(2)(i), and states that costs incurred for lodging, travel and meals are reasonable to the extent they do not exceed, on a daily basis, the maximum per diem rates set forth by the General Services Administration ("GSA"). (Id. at p. 13). At the material time, Defendant DMC contends that the GSA maximum per diem rate for DMC's work site in Centre County, PA, was $86.00 a day in 2011 and $88.00 a day in 2012, and that the IRS

maximum per diem, for Centre County, which could be excluded from taxation as wages for Centre County was $142.00 per day. (Id.). Defendant DMC argues that because Plaintiff concedes that his per diem was $75.00 per day during the relevant times of this case, and also since its Exhibit 1 demonstrates this, and because $75.00 was well below the maximum per diem rates that the GSA and IRS set as reasonable, "there is no set of circumstances where Mr. Mundell could ever establish that the per diem pay was not a reasonable approximation of actual expenses." (Id. at p. 14). Thus, Defendant DMC argues that Plaintiff's Count I FLSA claim should be dismissed.[3]

In response to Defendant DMC's motion to dismiss Count I of his Complaint, Plaintiff appears to concede to the Defendant's argument, stating, "[he] accepts that the IRS and Federal Accounting Regulation guidelines setting for reasonable and appropriate per diem rates for individuals living and working in central Pennsylvania establish that the per diem rate paid to [him] was not excessive." Plaintiff "also acknowledges that Defendant claims in its brief the per diem is paid to compensate him for the expenses of living away from home, including his room and board costs." Plaintiff maintains that Defendant DMC, on the other hand, has also claimed that he was not required to travel away from home and live in temporary lodging as a condition of his employment." (Doc. 9, p. 5). Thus, Plaintiff argues, that:

_____

[3]Defendant DMC requests that this Court take judicial notice of the reasonable per diem pay amounts set by the GSA and IRS under Fed.R.Civ.Evid. 201. (Doc. 8, p. 13 n. 2). We agree with Defendant DMC and in any event, we do not find that Plaintiff disputes these amounts.

Defendant has claimed in Section I.B of its brief that Mundell was not hired by Defendant until he arrived at the job site in Pennsylvania, and therefore, his travel from West Virginia is non-compensable. [Doc. 8, pp. 16-17] However, if Mundell was not required by Defendant, his employer, to travel from West Virginia and Pennsylvania, then he was also not required to be away from home overnight. While Mundell may have been logistically required to find closer accommodations, under Defendant's version of the facts, Mundell's room and board would have been a personal expense. Accordingly, Defendant's payment of Mundell in reimbursement for these personal expenses would not have been a valid per diem payment but would instead have needed to be included in the regular rate used to calculate Plaintiff's overtime pay.

(Doc. 9, pp. 5-6).

Thus, Plaintiff concludes that "[b]ecause [he] has plead (sic) that Defendant did not include these per diem reimbursement in his regular rate and the calculation of [his] overtime pay, [he] has plead (sic) a claim for underpayment of overtime wages." (Id., p. 6).

As Defendant DMC points out (Doc. 8, p. 11), "[u]nder the FLSA ..., an employer must pay an employee who works more than forty hours per week at a rate of time-and-a-half [the employee's regular rate of pay] unless the employer establishes that the employee falls within an exemption from the overtime requirement ... . 29 U.S.C. §207." *Goff v. Bayada Nurses, Inc.*, 424 F.Supp.2d 816, 820 (E.D. Pa. 2006). Reasonable payments made by the employer to the employee for reimbursement for work related expenses, such as per diem pay for travel and living expenses, is an exception to the definition of the employee's regular rate of pay. *See Wass v. NPC Intern, Inc.*, 688 F.Supp.2d 1282, 1285 (D. Kan. 2010)(citing 29 C.F.R. §778.217). Thus, payments made by the employer to the employee

to cover travel and expenses incurred in furtherance of the employer's interest are not included in the employee's regular rate "if the amount of the reimbursement reasonably approximates the expenses incurred." Id. We concur with Defendant DMC that Plaintiff's FLSA claim in Count I of his Complaint, in which Plaintiff alleges that his per diem pay should have been included in his regular rate of pay and that DMC violated the overtime payment requirements of the FLSA by excluding his per diem pay from his regular rate of pay, fails to state a cognizable claim under the FLSA.

We find that Plaintiff is improperly linking his travel time and per diem claims, and that, as Defendant DMC points out, they are "separate and distinct concepts under the FLSA." (Doc. 10, p. 4). We further find that Defendant DMC did not deny that Plaintiff was required to travel from his home in West Virginia to work for DMC as a laborer in its mine in Centre County, PA. In fact, in its Brief in Support, Defendant DMC refers directly to the fact that Plaintiff did have to travel to its work site in Centre County, PA, which is the reason he was receiving a per diem payment in the first place, which as stated, is clearly reflected in Defendant's Exhibit 1, Doc. 7-1. We are unpersuaded, therefore, by Plaintiff's contention that because Defendant DMC did not require him to travel for his job, that his per diem to pay for room and board was actually pay for a personal expense, and thus not excludable from his regular wages.

Further, we completely agree with Defendant DMC (Doc. 10, pp. 2-3) and find that Plaintiff has conceded that his per diem payments were not excessive, and thus did reasonably approximate his expenditures. To the extent Plaintiff is trying to argue that the

nature of his expenditures was personal, and thus should have been included in his regular wages, we are unpersuaded by Plaintiff's attempt to distinguish his FLSA claim in Count I from Defendant DMC's argument as to why it should be dismissed. Defendant DMC clearly acknowledges that Plaintiff had to travel from his home in West Virginia and live in Pennsylvania to fulfill his employment as a laborer for DMC, and to that end, DMC paid him a per diem wage of $975.00 every two weeks for the added expense posed by Plaintiff's temporary relocation. (*See* Doc. 7-1). Plaintiff misstates Defendant DMC's argument to stand for the proposition that it was his personal choice to stay in Pennsylvania, and not the effect of working for the Defendant DMC in Centre County, PA, and therefore that his rent must be classified as a personal expenditure.

In his Complaint, the crux of Plaintiff's argument is, "[b]ecause the 'per diem' bears no reasonable relationship to the actual expenses incurred, it is actually wages and not expense reimbursements." (Doc. 1, p. 6). As stated, we agree with Defendant DMC that Plaintiff has conceded that the per diem payments were reasonable, and therefore his FLSA claim in Count I should be dismissed with prejudice. Further, we are unpersuaded by Plaintiff's attempt to tailor his claim in Count I around Defendant DMC's argument in support of dismissing it. If a complaint is subject to dismissal for failure to state a claim, the court must first allow Plaintiff leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.* Based on the foregoing, we will recommend that

grant Defendant DMC's Motion to Dismiss Plaintiff 's FLSA claim in Count I be granted and that this claim be dismissed with prejudice, as we find futility in allowing the Plaintiff to amend his Complaint as to this claim. As discussed below, we will also recommend that Plaintiff's state law claim under the PMWA (Count III) which is based on his Count I, FLSA per diem claim be dismissed with prejudice. Thus, we agree with Defendant DMC that all of Plaintiff 's claims relating to per diem should be dismissed with prejudice.

3.    *Travel Time FLSA Claim, Count II*

Defendant DMC states in its Reply Brief, "[f]aced with the obvious reality that the per diem payment was not excessive as a matter of law, [Plaintiff] makes the startling and unsupported argument that if he cannot maintain his per diem claim [under the FLSA] in Count I, it is axiomatic that he must be able to maintain his travel time claim [under the FLSA] in Count II." (Doc. 10, p. 4). Defendant DMC correctly points out however that Plaintiff's per diem pay claim in Count I and his travel pay claim in Count II "are separate and distinct concepts under the FLSA." (Id.).

In his Complaint, Plaintiff appears to broadly allege that he was required to travel extensively in the scope of his employment, but was not compensated for that travel time either directly or through overtime hours. It is unclear from his Complaint whether Plaintiff is referring to his travel from his home in West Virginia to Defendant DMC's work site in Centre County, Pennsylvania, or to his travel from his temporary lodging in Pennsylvania to DMC's work site in Centre County, Pennsylvania, or to some other travel he did while employed by Defendant DMC, *i.e.*, from DMC's work site in Centre County to some other

18

area in furtherance of DMC's operations. Plaintiff even goes so far as to acknowledge the vague nature of his Complaint in his Brief in Opposition, stating, "[w]hile [he] could be more clear in setting forth that his long-distance travel was part and parcel of his employment with Defendant, Paragraph 38 and Paragraph 39 [of his Complaint] satisfy even *Iqbal* and *Twombly* heightened pleading standard." (Doc. 9, p. 9). Based upon his Brief, however, it appears that Plaintiff contends he should have been compensated for having to travel from his home in West Virginia to DMC's work site in Centre County, Pennsylvania.

In response, Defendant DMC argues that Plaintiff did not actually become an employee of DMC until he reported to the job site in Centre County, PA, and that Plaintiff's travel from his home in West Virginia actually occurred before his employment began, and thus, is not compensable.

Initially, as Defendant DMC notes, Doc. 10, p. 5 n. 2, to the extent Plaintiff is attempting to re-draft Count I and/or Count II of his Complaint in his opposition brief, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. *Ex rel. Zimmerman,* 836 F.2d at 181." *Sung Tran v. Delavau, LLC,* 2008 WL 2051992, *11 (E.D. Pa. 5-13-08).

Next, we acknowledge that the FLSA, namely, 29 U.S.C. § 254(a), explicitly states that an employer is not obligated to pay employees for time spent traveling between home and to and from the job site, or for those "activities which are preliminary to or postliminary (sic) to " to the primary activities of the job. *See Jordan v. IBP, Inc.,* 542 F.Supp.2d 790, 800 (M.D. Tenn. 2008). At the same time, however, 29 C.F.R. § 785.39 provides that "travel

away from home is clearly work time when it cuts across the employee's workday. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." Thus, the Portal-to-Portal Act amended the FLSA and "provided that FLSA does not require an employer to compensate employees for 'walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which [an] employee is employed to perform.'" *Jordan v. IBP, Inc.*, 542 F.Supp.2d at 800(citing 29 U.S.C. §254(a)(1)).

Plaintiff, in his Brief in Opposition, cites to the above provisions, and asserts, "[his] travel time from his home to his work site that took place during normal working hours should have been compensated, and was not." (Doc. 9, p. 8). In response, Defendant DMC states that Plaintiff's FLSA in Count II is based upon "the erroneous legal contention that DMC was required to pay him for the time that he travelled from his home to the worksite." Defendant DMC contends that Plaintiff's reliance upon 29 C.F.R. §785.39 is misplaced, and that § 785.39 only applies to employees required to travel for work away from their home overnight. (Doc. 8, p. 15). Further, Defendant DMC argues that Plaintiff was not employed by DMC until he left his home in West Virginia and arrived in State College, Pennsylvania, to commence work with DMC. Defendant DMC also states that Plaintiff did not allege that after he began his employment with DMC, DMC required him to travel from his temporary home near State College to stay over night for work. As such, Defendant DMC states that Plaintiff's travel from his home in West Virginia did not occur while he was employed by DMC and that § 785.39 is not applicable. Therefore, Defendant

DMC asserts that Plaintiff's travel is not compensable. (Id., pp. 15-16). Defendant DMC cites to 29 U.S.C. §203(e) and states that a covered employee under the FLSA is a person "employed by an employer." Thus, the determinative issue is whether Plaintiff could be considered an employee of Defendant DMC at the time he traveled from his home in West Virginia to State College, Pennsylvania, to begin work for DMC as a laborer.

As stated above, a Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Richardson v. Pennsylvania Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1997). We agree with Defendant DMC and its argument as to why Plaintiff's FLSA claim in Count II of his Complaint should be dismissed. However, we will recommend that Plaintiff 's Count II be dismissed without prejudice. We find that there is a set of facts under which the Plaintiff could be entitled to relief with respect to his Count II, *i.e.*, if he was an existing employee of the Defendant DMC and was required to travel from his home in West Virginia to Cnetre County, Pennsylvania for his work with DMC. As stated, Plaintiff has not alleged such facts in his Complaint.

We find, at this stage of the case, Plaintiff should be permitted leave to amend his Complaint with respect to his Count II to specifically allege his employment relationship Defendant DMC when he was required to travel from his home in West Virginia to State College, PA, to begin work as a laborer for DMC's work site in Centre County, PA, during the material time. The Third Circuit has specified that,"[t]he existence of an employer-employee relationship is a question of fact ... ." *Matute v. Lloyd Bermuda Lines, Ltd.*, 931

F.3d 231, 236 (3d Cir. 1991). As such, while we find that Defendant DMC's Motion to Dismiss Plaintiff's Complaint as to Count II should be granted, it is appropriate at current stage of the proceedings in this case to afford Plaintiff leave to amend his Count II. Plaintiff should be permitted leave to amend his Count II in order to allege when his employment with Defendant DMC began. However, we agree with Defendant DMC that it would be futile for Plaintiff to amend his Count II if Plaintiff did not begin to work for DMC until he arrived at DMC's work site in Centre County, PA. We also find that Plaintiff should be allowed to amend his Count II in order to address whether Defendant DMC ever required him, after he was an employee, to travel from the State College area overnight for work. Even though Defendant DMC notes that it did not hire Plaintiff until after he reported to work in State College, PA, and that DMC did not require Plaintiff to travel from the State College area overnight for work, we find that Plaintiff should be allowed to amend his Count II if he can assert such allegations. (Doc. 8, p. 16 n. 4). Therefore, we find that Plaintiff should be allowed to amend his Complaint with respect to his FLSA claim in Count II to allege when he was employed by DMC and thus a covered employee under the FLSA. If Plaintiff files an Amended Complaint with respect to his Count II, Defendant DMC can re-assert its arguments as to why it contends Plaintiff's Count II fails in a second motion to dismiss.

4.      *PA State Law Claims, Count III & IV*

As stated above, Count III of Plaintiff 's Complaint asserts a claim for failure to pay overtime compensation under the PMWA, 43 P.S. §333.104(c). Plaintiff's Count IV (which

22

we have labeled) asserts a claim for failure to pay wages under the WPCL. To the extent
Plaintiff's claim under the Pennsylvania Minimum Wage Act (PMWA) flows from his FLSA
per diem claim raised in Count I of his Complaint, we will recommend that this state law
claim be dismissed with prejudice along with Plaintiff's FLSA claim in Count I. As Defendant
DMC states, and as Plaintiff agrees, "if [Plaintiff] has no viable claim under the FLSA, he also
has no claim under the PMWA." (Doc. 8, p. 19). *See Signora v. Liberty Travel, Inc.*, 886
A.2d 284, 296 (Pa.Super. 2005)("The provisions of the WPCL are analogous to the
protections afforded employees by the [FLSA] ... .").

However, to the extent that Plaintiff's state law claim in Count III under the PMWA
arises in regards to his Count II travel time claim under the FLSA, we will recommend that
Plaintiff be allowed to amend his Count III, PMWA claim to the extent discussed above with
respect to his Count II, FLSA travel time claim. We will recommend therefore that
Defendant DMC's motion to dismiss be granted and that Plaintiff's PMWA claim in Count III
arising from his FLSA per diem claim raised in Count I be dismissed with prejudice. We will
also recommend that Defendant DMC's motion to dismiss be granted and that Plaintiff's
PMWA claim in Count III arising from his FLSA claim raised in Count II be dismissed without
prejudice.

Defendant DMC argues that with respect to Plaintiff's Pennsylvania Wage Payment
Collection Law (WPCL) claim, Count IV, since there is no allegation in the Complaint that
there was a contract between Plaintiff and DMC setting forth their agreement on his wages,
Plaintiff's WPCL claim fails to state a claim upon which relief can be granted. (Doc. 8, pp.

20-21).  We agree with Defendant DMC and find that Plaintiff's WPCL claim, Count IV, should be dismissed since Plaintiff failed to allege the existence of a contract.

The WPCL was enacted to allow employees to force their employers to pay their wages.  *Signora v. Liberty Travel, Inc.*, 886 A.2d at 296(citation omitted). The WPCL gives employees a statutory remedy when their employer breaches an obligation under a contract to pay the employees wages.  Id.  As the *Signora* Court stated, "[t]he WPCL 'does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.'" Id.(citation omitted).    Further, as indicated above, "[t]he provisions of the WPCL are analogous to the protections afforded employees by the [FLSA] ... ." Id.    Thus, the WPCL "provides employees with a private remedy to recover past due wages and benefits." *Dardaris v. Dental Organization for Conscious*, 2007 WL 1300235, *4 (E.D. Pa. May 3, 2007)(citation omitted).  Additionally, "[t]he []WPCL 'provides a statutory remedy when an employer beaches a contractual obligation to pay earned wages.  The contract between the parties governs in determining whether specific wages are earned.'" Id.(quoting *DeAsensio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)).

As stated, we concur with Defendant DMC and find that Plaintiff's WPCL claim, Count IV, should be dismissed since Plaintiff failed to allege the existence of a contract. However, we do not find that it is futile for the Court to allow Plaintiff to amend his WPCL claim if he can aver that this claim is based on a contract.  Thus, we will recommend that Plaintiff's Pennsylvania Wage Payment Collection Law (WPCL) claim, Count IV, be dismissed

without prejudice.[4]

> 5.     *FLSA Collective Action and Rule 23 PA State Law Class Action*

As mentioned above, Plaintiff seeks this Court to certify his action as a collective

action under the FLSA, §216(b), with respect to his federal claims under the FLSA, Counts I

and II, and as a class action under Fed.R.Civ.P. 23, with respect to his state law claims in

Count III and IV.   As the Court in *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d at

588, stated, "[u]nder the Portal-to-Portal Act, employees asserting FLSA overtime claims

against their employers cannot bring traditional opt-out class actions, see Fed.R.Civ.P. 23,

but rather are limited to bringing 'collective actions,' in which an employee 'only becomes a

member of the action if he affirmatively 'opts-in' to the action.'" (citations omitted).

Defendant DMC moves to dismiss Plaintiff 's request for class certification of his state

law claims under Rule 23 and argues that Plaintiff failed to satisfy the requisite elements

---

[4]If the Court adopts our recommendation that both of Plaintiff's federal question
claims under the FLSA be dismissed, the Court may decline to exercise supplemental
jurisdiction over the remaining state law claims Plaintiff is raising  in this case under the
PMWA and the WPCL.  *See* 28 U.S.C. § 1367(c). Thus, even if supplemental jurisdiction is
found to exist in a case, "the discretion to exercise supplemental jurisdiction remains with
the district court."*Greenwood,* 2003 U.S. Dist. LEXIS 18099, at 10, 2003 WL, 22238981.
*N.J. Turnpike Auth. v. PPG Indus.,* 197 F.3d 96,113 (3d Cir.1999) (stating that a district
court's decision to exercise supplemental jurisdiction over a plaintiff's state law claims is
discretionary). Moreover, district courts should "hesitate to exercise jurisdiction over state
claims" if the "considerations of judicial economy, convenience and fairness to litigants ...
are not present...." *Id*.
    Pursuant to the discretion granted to this Court by §1367, the Court may decline to
exercise supplemental jurisdiction over the remaining state law claims Plaintiff is raising in
this case, if the Court dismisses both of Plaintiff's federal claims under the FLSA.  See *Warner
v. Orleans Home Builders, Inc.*, 550 F.Supp.2d at 588-89.

under Rule 23.

Initially, since we will recommend that Plaintiff's federal claims under the FLSA in Count I and II of his Complaint be dismissed, we find that the Court should decline to certify Plaintiff's action as a collective action under the FLSA, §216(b).  If the Court allows Plaintiff to amend his Complaint as to his FLSA claim in Count II, if Plaintiff successfully states his FLSA claim in Count II and if the Plaintiff again requests to bring his Count II claim as a collective action, then the Court can address whether Plaintiff can proceed with an opt-in FLSA collective action as to his Count II.

Insofar as Plaintiff is also seeking the Court to certify his state law claims as a class action under Rule 23, we find that "opt-in FLSA collective actions are 'inherently incompatible' with opt-out Rule 23 state-law class actions because permitting a Rule 23 class action to proceed in the same suit with a[n] FLSA collective action would 'essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.'"   *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d at 588(quoting *Otto v. Pocono Health System*, 457 F.Supp.2d 522, 524 (M.D. Pa. 2006)).

We agree with the Courts in Warner and Otto that an opt-in FLSA collective action and a Rule 23 class action "cannot be brought simultaneously in federal court in a single lawsuit." *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d at 588.  Thus, we will recommend that the Court prohibit Plaintiff from bringing an FLSA collective action and a Rule 23 class action for his state law claims together in this case.

## V.    RECOMMENDATION.

Based on the above, we respectfully recommend that the John Doe Defendants 1-10 be dismissed without prejudice under Rules 21 and 4(m).   We also recommend that Defendant DMC's Motion to Dismiss (**Doc. 7**) be **GRANTED** as to the Plaintiff's Fair Labor Standards Act claim involving the payment of per diem, Count I, and that this claim be dismissed with prejudice.  We further recommend that Plaintiff 's state law claim under the under the Pennsylvania Minimum Wage Act (PMWA) based on his Count I FLSA per diem claim be dismissed with prejudice.

We recommend that Defendant DMC's Motion to Dismiss be **GRANTED** as to Plaintiff's travel time claim under the FLSA, Count II of the Complaint, and that this claim be dismissed without prejudice.  We further recommend that Defendant DMC's Motion to Dismiss Plaintiff's state law PMWA claim (Count III) based on his Count II FLSA travel time claim be **GRANTED**, and that the PMWA claim be dismissed without prejudice.

We recommend that Defendant DMC's Motion to Dismiss be **GRANTED** as to Plaintiff's Pennsylvania Wage Payment Collection Law (WPCL) claim, Count IV, and that this claim be dismissed without prejudice.

Finally, we recommend that the Court prohibit Plaintiff from bringing an FLSA collective action and a Rule 23 class action for his state law claims together in this case.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 23, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BRETT MUNDELL,                    :        CIVIL ACTION NO. **4:12-CV-2614**
                                  :
            Plaintiff             :        (Judge Jones)
                                  :
      v.                          :        (Magistrate Judge Blewitt)
                                  :
DBA/DMC MINING SERVICES CORP.,    :
*et al.*,                         :
                                  :
            Defendants            :


## NOTICE

      **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing
**Report and Recommendation** dated **August 23, 2013.**

      Any party may obtain a review of the Report and Recommendation pursuant to
Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection

is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 23, 2013**