# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT MUNDELL, *an individual and on behalf of all those similarly situated* | : : : : | No. 4:12-cv-2614 |
| Plaintiffs, | : : | Hon. John E. Jones III |
| v. | : : | Hon. Thomas M. Blewitt |
| DBA/DMC MINING SERVICES CORP. and JOHN DOES 1-10 | : : : | |
| Defendants. | : | |

## ORDER

### October 17, 2013

## I. INTRODUCTION

Presently pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 11), recommending that Defendant's Motion to Dismiss (Doc. 7) be granted. The Plaintiff has filed objections[1] (Doc. 12) to which the Defendant has responded (Doc. 13). After an

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

independent review of the record the Court shall adopt the R&R in part.[2] For the reasons articulated herein, the Court will grant in part and deny in part Defendant's Motion to Dismiss. (Doc. 7). We address Plaintiff's objections *seriatim*.

## II. OBJECTIONS TO DISMISSAL OF PER DIEM CLAIM WITH PREJUDICE

The Plaintiff objects to Magistrate Judge Blewitt's recommendation that we dismiss the Fair Labor Standards Act ("FLSA") *per diem* claims (Count I) with prejudice.[3] (Doc. 12 at 3-9). The Plaintiff alleges the *per diem* payments are not reasonably associated to Plaintiff's actual expenses and therefore the Defendant erred by not including these payments in calculating the Plaintiff's regular rate for purposes of overtime pay. (Doc. 1, ¶¶ 33-36). *Per diem* payments which do not "reasonably approximate" actual expenses are to be included in calculating the

---

[2] Magistrate Judge Blewitt recommends that Defendants John Does 1-10 be dismissed as Plaintiff has failed to perfect service of process within the 120 days required of Rule 4(m). We agree. We also agree with Magistrate Judge Blewitt's recommendation that Plaintiff's Count II be dismissed with leave to amend. Finally, we agree with Magistrate Judge Blewitt that because claims under the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment Collection Law (Count III) require a contractual relationship between the employee and employer, Plaintiff's claims as drafted must be dismissed because no contract has been alleged. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (PMWA); *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007) (PWPCL). Thus, this claim shall be dismissed and the Plaintiff given leave to amend.

[3] Magistrate Judge Blewitt also recommends that the Plaintiff's state law claims should be dismissed with prejudice to the extent they are derivative of the FLSA *per diem* claims. As we shall not dismiss the FLSA *per diem* claims, any state law claims derivative of the FLSA *per diem* claims shall also not be dismissed with prejudice. However, as discussed in footnote 2, the state law claims are deficient for failure to allege the existence of a contractual relationship and therefore the state law claims shall be dismissed with leave to amend.

regular rate. 29 C.F.R. § 778.217(c). The Defendant relies on GSA and IRS standards to aver the *per diem* payments are reasonable as a matter of law. (Doc. 8 at 7). However, these standards alone cannot establish reasonableness. *See Picton v. Excel Grp., Inc.*, 192 F.Supp.2d 706, 713-14 (E.D. Tex. 2001). The reasonableness of the *per diem* payments is a fact based inquiry set forth on a "case-by-case basis." *Berry v. Excel Group, Inc.*, 288 F.3d 252, 254 (5th Cir. 2002). Cognizant of the posture of this action and the factual inquiry required to determine reasonableness, the Plaintiff has alleged facts within his complaint sufficient to survive a motion to dismiss.

## III. OBJECTIONS TO RECOMMENDATION THAT CLASS CERTIFICATION BE DENIED

The Plaintiff objects to Magistrate Judge Blewitt's recommendation that class certification be denied. (Doc. 12 at 9-10). While dismissal of class certification may be decided on the pleadings, it is rare to do so. *See Weiss v. Regal Collections*, 385 F.3d 337, 347-48 (3d Cir. 2004). The Plaintiff has yet to file a Motion for Class Certification and we are granting him leave to amend Counts II and III. Thus, at this stage in the proceedings, a class certification decision is premature, and we shall reject this portion of the R&R.[4]

---

[4] FLSA § 216(b) opt-in collective actions and Rule 23 opt-out class actions are not inherently incompatible. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir. 2012). As previously discussed, class certification is not properly before the Court and therefore

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Blewitt (Doc. 11) is **ADOPTED IN PART** and **REJECTED IN PART** to the following extent:.

    a. Defendants' Motion to Dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART** to the following extent:

    i. Plaintiff's Fair Labor Standards Act travel pay claims are **DISMISSED** with leave to amend;

    ii. Plaintiff's Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment Collection Law claims are **DISMISSED** with leave to amend;

    iii. The Motion is **DENIED** in all other respects.

    b. Defendants John Does 1-10 are **DISMISSED** without prejudice.

2. Plaintiff shall **FILE** an amended complaint within fourteen (14) days of the entry of this order.

s/ John E. Jones III

---

adjudication of this issue is unnecessary at this time.

John E. Jones III
United States District Judge